# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABA BEY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES INC.,<br><br>    Defendant. | Case No. 1:19-cv-00562-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE**<br><br>**(Docs. 3, 5)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Kaba Bey, a pro se litigant, filed a complaint on May 1, 2019, with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Docs. 1 & 2.) On May 6, 2019, the undersigned issued an order identifying several deficiencies in Plaintiff's IFP application, providing him another IFP application form, and directing him to file an amended IFP application that corrects the identified deficiencies or pay the filing fee within twenty-one days. (Doc. 3.) On May 15, 2019, Plaintiff filed a document titled "In Res: Order to Amend Application to Proceed in Forma Pauperis or PAY Filing Fee," which did not address, much less correct, the deficiencies identified by the Court. (*See* Doc. 4.) Plaintiff did not file an amended IFP application or pay the filing fee within the time allotted.

On June 4, 2019, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the Court's order of May 6, 2019. (Doc. 5.) Plaintiff was warned in both the May 6, 2019 order and the OSC that the failure to comply with the Court's orders would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id.*)

On June 17, 2019, Plaintiff filed a document titled "Affidavit of Fact Writ in the Nature of Discovery," which contains, among other things, reproductions of certain Articles of the United States Constitution and provisions of Title 18 of the United States Code. (*See* Doc. 6.) The document also states that it

> stands as Prima Facie Evidence in Law, Sheila K. Oberto [the undersigned], is subject to Default, all Matters shall be Ajudicated [sic] in the International Criminal Court, for Acts De-nationalization, Genocide, etc. For the Fact, Sheila K. Oberto, Deliberately, Escheats my Estate, through Acts of Conversion, which is an International Crime, Violation of Trust Law, Breach of Fidicuary [sic] Duty, Such act Constitutes Treason and Trafficking in Person. This Treaty, is Hereby Ordered, All Questions, Lawfully Commanded, in Compliance with the Treaty of 1787 and the Constitution for the United States of America North Continent Ratified 1791, shall be executed In Good Faith. Failure to do so constitutes default, breach of contract. Sheila K. Oberto, is hereby ordered to transmitt [sic] 25 million, legal tender, accepted for all public and private debts.

(*Id*. at 3.) Plaintiff's submission again fails to explain why the action should not be dismissed for his failure to file an amended IFP application or pay the filing fee. To date, no amended IFP has been filed or filing fee paid.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with the May 6, 2019 order and the OSC, there is no alternative but to dismiss the action for his failure to obey a court order and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **July 2, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE